**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4813**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRELL LEE JONES,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:10-cr-00284-BR-1)

---

Submitted: December 20, 2011    Decided: December 22,2011

---

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Lee Jones was convicted following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Jones to forty-six months' imprisonment. Jones reserved the right to appeal the district court's determination that his prior North Carolina conviction for attempted larceny from the person qualified as a felony for the purpose of adjudging him guilty under § 922(g)(1). Jones timely appealed. Prior to submitting an opening brief, Jones moved to vacate his conviction and to remand the case to the district court, arguing that his North Carolina conviction was not punishable by imprisonment for a term exceeding one year and, thus, that the conviction could not serve as the necessary predicate for the § 922(g)(1) charge. The Government does not oppose Jones' motion. In light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), we reverse and remand.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Jones' prior North Carolina conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum sentences

2

applicable under North Carolina's structured sentencing scheme). When Jones raised this argument in the district court, it was foreclosed by our decision in <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled <u>Harp</u> with our en banc decision in <u>Simmons</u>, in which we sustained a similar argument in favor of the defendant. In view of our holding in <u>Simmons</u>, we reverse Jones' conviction, deny as moot his motion to vacate, and remand the case to the district court for further proceedings.[*] The Clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>

---

[*] We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Jones' indictment and conviction.

3